# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| MELODY L. WILLIAMS, | : | Case No. 3:16-cv-00384 |
|---|---|---|
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Melody L. Williams brings this case *pro se* challenging the conditions at the Dayton Correctional Institution. Previously, the Court conducted an initial review of her Complaint, *see* 28 U.S.C. §§ 1915(d)(2), 1915A, and granted her Motion to Proceed *In Forma Pauperis*. (Doc. #4). The Court ordered the U.S. Marshal's Office to effect service upon each named Defendant, once it received the required service forms from the Clerk of Court. And the Court directed, "All costs of service shall be advanced by the United States." *Id.* at *PageID* #630.

The State of Ohio, as an interested party, has filed a Motion to Dismiss contending that Plaintiff failed to perfect timely service of summons within 120 days as required by Fed. R. Civ. P. 4(m). (Doc.#9). Plaintiff responds that any untimeliness of service is not her fault because she has been granted leave to proceed *in forma pauperis*, she cannot

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

afford copies of her Complaint and attached Exhibits, and she submitted the required service forms to the Clerk of Court.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). At the time Plaintiff was granted leave to effect service through the Marshal, Rule 4(m) of the Federal Rules of Civil Procedure required a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint...." If timely service is not effected, Rule 4(m) requires the Court "to dismiss the action without prejudice as to any defendant not timely served." Upon a plaintiff's showing of good cause for failing to effect timely service, the Court may order that service be effected within a specified time. Fed. R. Civ. P. 4(m).

In the present case, good cause exists for the lack of timely service. The record indicates that Plaintiff submitted the required service forms when she filed her Motion to Proceed *in Forma Pauperis*. Although service has not been effected, the reason for the delay in service after the Court directed the Marshal's Office to effect service is not attributable to Plaintiff.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Interested Party, The State of Ohio's Motion to Dismiss (Doc. #9) be DENIED without prejudice to renewal;

2. Plaintiff's Motion to Withdraw Suit Against Defendant's in Their Individual Capacities (Doc. #12) be GRANTED as unopposed;

3. Plaintiff's Motion for an Order directing the U.S. Marshal to Effect Service (Doc. #12) be GRANTED; and

2

4. The Clerk of Court be directed to immediately forward to the U.S. Marshal the forms required to effect service, and the U.S. Marshal be directed to forthwith effect service.

August 7, 2017                                *s/Sharon L. Ovington*
                                                                     Sharon L. Ovington
                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).