# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MELODY L. WILLIAMS, | : | Case No. 3:16-cv-00384 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| OHIO DEPT. OF REHAB. AND CORRECTIONS, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Melody L. Williams is a former inmate at the Dayton Correctional Institution and is presently incarcerated (since mid-September 2016) in the Ohio Reformatory for Women. Her *pro se* Complaint and attached Exhibits total 297 pages. Given this length, it is not surprising that she advances a plethora of constitutional claims under 42 U.S.C. § 1983 arising from, for example, the conditions of her confinement; inadequate medical or dental care; unequal educational programming, benefits, pay rates, and wages; inadequate fire safety; sexual harassment; inadequate kitchen and recreational facilities; inadequate staffing and supervision; and substandard or dangerous housing units. Her Complaint seeks declaratory and injunctive relief, and proposes the creation of a class of Plaintiffs described, in part, as "prisoners of the State of Ohio in the custody of the Ohio Department of Rehabilitation and Correction." (Doc. #1, *PageID* #8). In a limiting statement, the Complaint explains, "All parties are currently confined at the Dayton

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Correctional Institution…." *Id*.

The Complaint names the following Defendants: The Ohio Department of Rehabilitation and Correction/Gary Moore; Dayton Correctional Institution (DCI) Wardens Mr. Pringle and Ms. Jackson-Mitchell; DCI physicians Drs. Moore and Duncan; DCI health care administrator Ms. Jenkins-Harris; and, prior DCI inspector Terrence Griffin. (Doc. #1, *PageID* #s 5-6).

The case is presently pending upon Defendants' Motion to Dismiss (Doc. #20), Plaintiff's Motion for Leave to File an Amended Complaint (Doc. #25), Defendants' Memorandum in Opposition (Doc. #26), Plaintiff's Reply (Doc. #27), and the record as a whole.

Defendants contend that they are entitled to dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to raise a plausible claim for relief. They reason: (1) the Eleventh Amendment bars Plaintiff's claims because the Complaint sues them only in their official capacities; (2) Plaintiff lacks standing to sue on behalf of other inmates identified by name in the Complaint; (3) her claims concerning the conditions of confinement at the Dayton Correctional Institution are moot because she is no longer incarcerated there; (4) her claims against the individual Defendants fail because the Complaint alleges no wrongdoing by them; (5) her own allegations show that the physician and healthcare worker were not deliberately indifferent to her medical problems; and (6) the documents attached to her Complaint contradict her allegations of due-process violations.

In response to Defendants' Motion to Dismiss, Plaintiff seeks leave to amend her Complaint under Fed. R. Civ. P. 15(a)(2), which instructs, "The Court should freely give

2

leave when justice so requires." She acknowledges that she is no longer incarcerated at the Dayton Correctional Institution and therefore seeks leave "to omit issue that have expired, and to omit issues as they relate to the conditions of her confinement at the Dayton Correctional Institution. She also seeks to add additional defendants "as they relate to her complaints of negligent medical care, and an inadequate right to medical care. The new claims, and new Defendants, do stem from, and are the direct result of,… Plaintiff's original medical negligence and inadequate medical care claim." (Doc. #25, *PageID* #733).

Defendants maintain that Plaintiff's Motion to Amend her Complaint is untimely. Although Defendants are correct that Plaintiff's Motion is untimely (by approximately one month), they do not identify any undue prejudice they will suffer if Plaintiff is permitted to file her Motion to Amend. Additionally, leave to amend a pleading "should be freely granted when justice requires," Fed. R. Civ. P. 15(a)(2), unless the proposed amendments would be futile "such as when the amended complaint cannot survive a motion to dismiss." *United States ex rel. Ibanez v. Bristol-Myers Squibb Company*, 874 F.3d 905, 917 (6th Cir. 2017).

Rather than specifically addressing futility, Defendants rely on their Motion to Dismiss and point out that Plaintiff has yet to address their dismissal arguments. (Doc.#26, *PageID* #748). The problem with this is that Plaintiff's proposed Amended Complaint contains new allegations and a new claim relating to dental care at DCI. She alleges that upon her incarceration at DCI, she was denied dental care for serious dental problems that caused her severe pain and unnecessary tooth loss. She asserts, "Plaintiff did enter the ODRC prison system with considerable dental issues, the first being dental issues that had

3

been started, but not completed, due to the plaintiff['s] sudden incarceration, such as the capping of her two front teeth after four root canals. Because of incomplete dental procedures[,] the plaintiff had two open and exposed teeth in the very front of her mouth, as well as, a post that needed to be removed from a prior root canal that constantly raised up through the gums creating severe pain, bleeding and tenderness." (Doc. #25, *PageID* #s 739-40). Plaintiff further alleges that she was missing most of her back teeth (top and bottom) due to erosion from mercury fillings and a history of heavy smoking. She also had several cavities and a history of severe gum disease. And she was unable to eat and properly digest her food.

Plaintiff says that she was denied dental care for her serious existing dental problems, and was denied preventative dental services, during the first year she was incarcerated at DCI pursuant to a policy set by the Ohio Department of Rehabilitation and Correction (ODRC). The policy? New inmates must wait one year before receiving dental services, "except extractions upon incarceration." *Id*. at 739. Plaintiff further states that the DCI dentist (name unknown) informed her, "it was not the policy of ODRC or DCI to perform root canal or to cap or crown teeth and that her two front teeth could not be saved or repaired and would need to be extracted." *Id*. at 740. Plaintiff declined to have her teeth extracted, hoping to save them. In addition to these new allegations, Plaintiff's proposed Amended Complaint appears to more specifically describe the medical care she did and did not receive at DCI and the Ohio Reformatory for Women.

In light of Plaintiff's new allegations concerning her medical and dental care, and because leave to amend should be freely granted as justice requires, and because Defendants

4

have yet to address Plaintiff's new allegations and Eighth Amendment claim, Plaintiff's Motion for Leave to Amend is well taken.

This conclusion, however, does not end the present inquiry because Plaintiff's proposed Amended Complaint significantly limits her claims by omitting many of the factual allegations and legal claims she advanced in her original Complaint. Specifically, she explains that her purpose of seeking leave is to omit issues that have expired and issues as they relate to the conditions of her confinement at DCI. (Doc. #25, *PageID* #733). As a result, allowing Plaintiff to amend her Complaint serves both parties by allowing them to focus on Plaintiff's remaining claims, reducing the cost of litigation and allowing the Court to direct its limited resources to the parties' central disputes.

Accordingly, Plaintiff should be permitted to file her proposed Amended Complaint, her claims concerning the conditions of her confinement at DCI should be dismissed, and the case should proceed only upon her claims that she was denied medical and dental care in violation of her rights under the Eighth Amendment to the Constitution.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion for Leave to Amend (Doc. #25) be GRANTED and the case proceed only on her Eighth Amendment claims regarding the alleged denial of medical and dental care; and

2. Defendants' Motion to Dismiss (Doc. #20) be DENIED as moot without prejudice to renewal and without prejudice to Defendants' option of filing a Motion for Summary Judgment accompanied by Plaintiff's medical records or other discovery materials.

August 2, 2018                                *s/Sharon L. Ovington*
                                                                  Sharon L. Ovington
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).