# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MELODY L. WILLIAMS, | : Case No. 3:16-cv-00384 |
| Plaintiff, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Sharon L. Ovington |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al., | : |
| Defendants. | : |

# DECISION AND ENTRY

Plaintiff asserts in her Amended Complaint that Defendants violated her rights under the Eighth Amendment to the Constitution by denying her medical and dental care during her incarceration at the Dayton Correctional Institution (DCI) and the Ohio Reformatory for Women (ORW). *See* Doc. #s 25, *PageID* #s 735-46; Doc. #s 28, 29. In response to this claim, Defendants have filed a Motion for Summary Judgment based in part on their assertion that Plaintiff has failed to exhaust her claims through Ohio's administrative remedies.

The case is presently before the Court upon Plaintiff's Motion for Extension of Time or Stay of Defendants' Motion for Summary Judgment (Doc. #35) pursuant to Fed. R. Civ. P. 56(f). She seeks up to a 60-day extension of the deadline for her to respond to Defendants' Motion for Summary Judgment. She states that her discovery requests to obtain her medical and dental records have not been fulfilled. And she explains that she

needs these records to demonstrate there is "a genuine factual issue as to each point that the Defendant[s] have raised, and currently the facts are in the possession of Defendant." (Doc. #35, *PageID* #904).

Defendants' failure-to-exhaust arguments present a potential basis for granting summary judgment in their favor on Plaintiff's remaining Eighth-Amendment claim. Prisoners must exhaust—indeed, properly exhaust—their administrative remedies or suffer dismissal of their claims. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing, in part, *Woodford v. Ngo*, 584 U.S. 81, 90 (2006); *see also* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Additionally, the information in Plaintiff's medical and dental records has no impact on whether genuinely disputed material facts remain concerning the steps she took to exhaust her Ohio administrative remedies.

Because Plaintiff's medical and dental records have no impact on the analysis of Defendants' exhaustion arguments in their Motion for Summary Judgment, a 60-day extension for her to engage in further discovery related to her medical and dental records is unwarranted. Plaintiff will be given a brief extension of time to address Defendants' exhaustion arguments. At this time, Plaintiff does not need to respond to Defendants' contention that she cannot establish Defendants were deliberately indifferent to her serious medical needs.

2

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Extension of Time or Stay Defendants' Motion for Summary Judgment (Doc. #35) is DENIED, in part, as to her request for a 60-day extension of time to respond; and

2. Plaintiff shall file a response, if any, **by June 24, 2019** to the exhaustion contentions Defendants raise in their Motion for Summary Judgment.

**Plaintiff is placed on notice that a failure to timely respond to this Order may result in the entry of summary judgment in Defendants' favor and dismissal of her remaining claim.**

June 7, 2019								*s/Sharon L. Ovington*
										Sharon L. Ovington
										United States Magistrate Judge